# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1948
Lower Tribunal No. 23-26808-CA-01
_____

**Alex Díaz De La Portilla,**
Appellant,

vs.

**Miguel Angel Gabela, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Michael A. Pizzi, Jr., P.A., and Michael A. Pizzi, Jr., for appellant.

Lydecker LLP, and Forrest L. Andrews, for appellees Todd Hannon and The City of Miami Canvassing Board; Law Firm of Juan-Carlos Planas, P.A., and Juan-Carlos Planas, for appellee Miguel Angel Gabela.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See § 4(c), City of Miami Charter (2023) ("Qualifications of mayor and city commission; . . . [C]andidates for the city commission shall have resided within the district at least one (1) year before qualifying and be electors in that district, and shall maintain residence in that district for the duration of their term of office."); City of Miami v. Gabela, 390 So. 3d 65, 70 (Fla. 3d DCA 2023) (Gabela I) ("The plain language of the City's district residency requirement doesn't require continuous residency, or residency immediately preceding qualification."); see also Leon v. Carollo, 246 So. 3d 490, 496-97 (Fla. 3d DCA 2018) (finding that the one-year residency requirement in section 4(c) is a "qualification to run for office"—not an eligibility requirement to hold office—and holding: "[S]ection 102.168(3)(b) does not allow a post-election challenge to a candidate's failure to meet the qualification requirements necessary to run for office.").